Harper. J.
delivered the opinion of the Court.
The general rule, certainly is, that a witness is not incompetent on the score of interest, who is disinterested at the time when he is offered for examination. The only case in which there has ever been supposed to be an. exception, was that of the subscribing witnesses to wills, under the provisions of the statute of frauds. Lord Camden in Hindson v. Kersey, 4 Burn’s Eccles. Law, 97, rests the objection on the words of the statute, requiring credible witnesses: This he supposed to mean credible or competent witnesses at the time of attestation. Lord Mansfield, however, in Windham v. Chetwynd, 1 Burr. 414, in which he was supported by the whole Court, comes to the conclusion, that a party benefitted by a will, is a competent witness, provided he be rendered disinterested by payment, or release before his examination. He observes, that before the statute, no subscribing witness was required to any instrument. “ The necessity of subscribing witnesses, to any instrument, never before existed in this country. There never could have arisen in the law of England, a question concerning the competency of a witness at the time of his knowing the fact he came to testify; but only whether he was competent at the time of his examination.” Ib. 419.
This was certainly a very censurable transaction on the part of the witness who was offered; hardly an honest one, and it *135 ought to go strongly to his credit. But we cannot say that he is incompetent, and the motion to set aside the nonsuit, is therefore granted.
Motion granted.